UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL JOSEPH BRITAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-13314** |
| **22ND JUDICIAL DISTRICT COURT** | **SECTION "A" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.  Factual and Procedural Background

The plaintiff, Daniel Joseph Britain ("Britain"), is an inmate housed at Winn Correctional Center at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Britain filed the complaint against the 22nd Judicial District Court for the denial of his motion to quash following his motion for speedy trial, which allegedly resulted in his being forced into a plea agreement on September 1, 2015. R. Doc. 1, p. 5.

Britain states that on November 24, 2014 he was arrested for an alleged felony. In April of 2015, Britain filed a motion for speedy trial; however, it is unclear from the complaint if the motion was granted or denied. *Id.* In August of 2015, Britain filed a motion to quash 147 days after filing his motion for speedy trial, arguing that failure to commence trial within 120 days of his custody should have resulted in his release. *Id.* However, that motion was denied. As a result of that denial, Britain alleges that he was forced into a plea agreement on September 1, 2015. *Id.*  Britain now

seeks to be released from his prison sentence, his felony arrest expunged, and compensation of one hundred thousand dollars per year that he has been incarcerated. *Id.* at p. 6.

## II.     Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.   The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).   However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).   It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Analysis

Britain asserts that the denial without just cause of his motion to quash following his motion for speedy trial forced him into accepting a plea agreement. He therefore seeks an order releasing him from his prison sentence and the expungement of his record. R. Doc. 1, p 6.

In *Heck v. Humphrey*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement. *Heck v. Humphrey*, 512 U.S. 477 (1994). Before a plaintiff may proceed under § 1983 on claims challenging a criminal conviction or proceeding, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

Here, Britain has not alleged that his plea agreement "has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Jackson,* 49 F.3d at 177. As such, because Britain's claim concerning the improper denial of his motion to quash would necessarily call his current sentence into question, Britain's claims are barred under *Heck*.

Additionally, Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Under federal law, a state court is not a "person" within the meaning of the statute. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir.1976); *Easter v. 17th Judicial Dist. Court for Lafourhce Parish*, No. 2014 WL 3881178, at *1 (E.D. La. Aug. 6, 2014); *Wilkerson v. 17th*

*Judicial Dist. Court, Parish of Lafourche*, No. 08-1196, 2009 WL 249737, at *3 (E.D. La. Jan. 30, 2009). Thus, the 22nd Judicial District Court is not a proper defendant in this case.

Moreover, as the Fifth Circuit has made clear:

The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* La.Rev.Stat.Ann. § 13:5106(A).

*4 Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council–President Government,* 279 F.3d 273, 280–81 (5th Cir.2002) (quotation marks and citations omitted). As such, it is clear that the Eleventh Amendment bars Section 1983 claims against a state court. *Wilkerson*, 2009 WL 249737, at *3 (citing *Jefferson v. Louisiana State Supreme Court*, 46 Fed. App'x 732 (5th Cir.2002)).

For the foregoing reasons, the claims against the 22nd Judicial District Court are therefore frivolous and otherwise fails to state a claim for which relief can be granted.

### IV.     Recommendation

It is therefore **RECOMMENDED** that Danial Joseph Britain's § 1983 claims against the 22nd Judicial District Court be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

4

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 24th day of October, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.